IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT A. PARKER, | ) | CASE NO. 1:07 CV 386 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN MICHAEL SHEETS, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the second *pro se* petition[2] of Vincent A. Parker filed with this Court for a writ of habeas corpus under 28 U.S.C. § 2254.[3] Parker is currently incarcerated in the Ross Correctional Institution in Ross County, Ohio, where he is serving a 15-year to life sentence imposed by the Cuyahoga County Common Pleas Court in 2003 after Parker pled guilty to one count of murder.[4]

---

[1] ECF # 5.

[2] Parker previously filed a petition for a writ of habeas corpus in this Court that he later sought to stay allegedly so that he could totally exhaust state remedies. That motion was granted in part when the Court instead dismissed the petition without prejudice to permit him to exhaust state remedies. The dismissal order further stated that the petition "may be re-filed upon complete exhaustion." *See*, Case No. 1:05-cv-2184 (N.D. Ohio); ECF # 1 (petition), # 13 (motion to stay), and # 16 (margin order of dismissal).

[3] ECF # 1.

[4] *Id*. at 1.

In this present petition, Parker re-asserts three grounds for relief that he originally asserted in his first petition, as well as three additional grounds.[5]  He also seeks an evidentiary hearing.[6]

In response, the State argues first that this petition is time-barred as it is a different, successive petition filed beyond the one-year limitations period, not a refiling of the first petition as permitted in the dismissal order entered in that case.[7]  Next, alternatively, it contends that four of Parker's grounds for relief in this petition are waived or procedurally defaulted, one is non-cognizable as a basis for federal habeas relief, and one was decided against Parker in a state court decision that was not an unreasonable application of clearly established federal law.[8]  It also asserts that there is no need for an evidentiary hearing.[9]

Also pending is Parker's motion to amend this petition to add four more claims.[10]

For the reasons that follow, I will first recommend finding that Parker's petition is untimely and not suitable for equitable tolling.  Thus, I will further recommend that it be dismissed.  In addition, because I will recommend that the underlying petition be dismissed

---

[5] ECF # 1 at Exs. C-H.

[6] ECF # 11 at 66.

[7] ECF # 8 at 12-16.

[8] *Id*. at 16-44.

[9] *Id.* at 44.

[10] ECF ## 15, 16.

as untimely, I will finally recommend that Parker's motion to now amend that petition to include new claims be denied.

## Facts

**A.     Underlying offense/first guilty plea/first appeal/second plea**

The underlying facts of Parker's offense and final plea of guilty were found by the state appeals court[11] to be as follows:

> Defendant-appellant Vincent Parker ("Parker"), appeals his conviction for aggravated murder.  We find no merit to this appeal and affirm.
>
> In February 1995, Parker was indicted in Case No. CR-320034 for aggravated murder with a felony-murder and firearm specification, aggravated robbery with a firearm specification, and having a weapon while under disability.  He was also charged with assault in Case No. CR-318382, which contained a peace officer specification.  In exchange for the State's agreement not to pursue the death penalty, Parker pled guilty on June 30, 1995 to aggravated murder with a felony-murder and firearm specification and the amended count of aggravated robbery.  As part of the plea agreement, the State also nolled the last count in Case No. CR-320034 and dismissed the charge in Case No. CR-318382.
>
> After allowing Parker's delayed appeal in May 1999, this court vacated his guilty plea and remanded the case for further proceedings because a single judge lacked jurisdiction to accept his guilty plea.  See *State v. Parker*, Cuyahoga App. No. 76395, 2001 Ohio 4120 ("*Parker I*").  Specifically, we held that because the death penalty specification was not deleted from the indictment, R.C. 2945.06 governed the acceptance of his plea and required a three-judge panel.  Thus, even though Parker had agreed to have his pleas submitted to a single judge and waived the presence of a three-judge panel, the requirements of R.C. 2945.06 were jurisdictional and could not be waived.

---

[11] Facts found by the state appeals court on its review of the record are presumed correct by a federal habeas court.  *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

-3-

On June 26, 2002, the Ohio Supreme Court affirmed our decision in *State v. Parker* (2002), 95 Ohio St.3d 524, 2002 Ohio 2833, 769 N.E.2d 846 ("*Parker II*").

Upon remand and following the Ohio Supreme Court's affirmance in *Parker II*, the trial court assigned Parker new counsel and the parties conducted discovery.  After numerous pretrials, the court set a November 18, 2002 trial date.  After one of Parker's counsel disclosed a conflict of interest, the court appointed new counsel on August 30, 2002, and scheduled another pretrial.  At the pretrial on September 16, 2002, Parker signed a waiver of speedy trial.

Following the execution of the waiver, Parker, pro se, moved to dismiss the charges on the basis that his statutory and constitutional rights to a speedy trial were violated.  In his motion, Parker argued that because the trial court lacked jurisdiction to accept his pleas in June 1995, his conviction was a void judgment and, therefore, a nullity.  He further argued that because the acceptance of his guilty pleas was a nullity, his felony charges were still pending and were never actually set for trial.  As a result, he claimed that the eight-year delay for a trial was a clear violation of his statutory and constitutional rights to a speedy trial.

At the hearing on the motion, Parker insisted on arguing the motion himself.  Although Parker alleged in his motion that he did not sign the speedy trial waiver knowingly or willingly, he failed to present any evidence in support of that assertion or eve argue the issue during the hearing.  Rather, he argued that he has waited approximately eight years and still has not had a trial.  Ultimately, the court denied his motion.

Following the denial, Parker reached a plea agreement with the State.  Before a three-judge panel, Parker pled guilty to murder, and the State nolled the remaining charges and specifications in both cases.[12]

---

[12] ECF # 8, Attachment (state record) at 151-53.

**B.     Second appeal**

Following this second plea of guilty, Parker, *pro se*, timely filed a notice of appeal

from this conviction.[13] Because Parker's appointed counsel had been confused by conflicting

impressions from him as to whether he wished to proceed *pro se* or with representation on

appeal, she filed a second notice of appeal from the same conviction after Parker filed the

*pro se* notice of appeal,[14] as well as a motion for leave to file a delayed appeal,[15] which

motion was granted.[16] The state appeals court thereupon consolidated the filings into a single

case.[17]

Parker, *pro se*, then filed an appellant's brief[18] asserting the following three

assignments of error:

> 1.     The trial court erred as a matter of law and to the prejudice of the
> defendant by denying the defendant's emergency motion for discharge
> for want of a speedy trial, in violation of defendant's constitutional
> and statutory rights to a speedy trial as guaranteed by the Sixth and
> Fourteenth Amendments to the United States Constitution, Article I,
> Section 10 of the Ohio Constitution and the Ohio Revised Code
> 2945.71 et seq.

---

[13] *Id*. at 15-48.

[14] *Id*. at 49-76.

[15] *Id*. at 77-78.

[16] *Id*. at 79.

[17] *Id*. at 80-82.

[18] Although filed first, this *pro se* brief is labeled a "supplemental" brief to the later-filed brief filed by counsel.

2.       The trial court erred when it denied defendant's request for deferred ruling, denying defendant due process of law as guaranteed by the Fifth & Fourteenth Amendments to the United States Constitution, Article I, Section 16 of the Ohio Constitution.

3.       The trial court erred when it failed to comply with the mandatory language of [Ohio] Criminal Rule 12(F) and state its essential findings on the record.[19]

Subsequent to Parker's *pro se* filing, he also filed, through new appellate counsel, a brief presenting the following three additional assignments of error:

1.       The proceedings below were defective in that the court erred in accepting a plea which was neither knowingly, willingly nor intelligently made in violation of Crim. R. 11 and defendant's constitutional rights.

2.       The court erred in failing to dismiss the case for lack of speedy trial.

3.       The proceedings below were defective in that defendant received ineffective assistance of counsel in violation of his constitutional rights.[20]

The State responded in opposition to both the *pro se* and counseled assignments of error.[21]  The Ohio appeals court thereupon overruled all six assignments of error and affirmed Parker's conviction.[22]

---

[19] ECF # 8, Attachment at 86.  As the State notes, *see*, ECF # 8 at 5 n.4, these assignments of error were filed twice under the two different case numbers of the previous two appellate cases.

[20] *Id*. at 111.

[21] *Id*. at 139-50.

[22] *Id*. at 151-66.

Following this decision, Parker, *pro se*, timely filed a notice of appeal with the Supreme Court of Ohio.[23] In his jurisdictional memorandum, Parker, *pro se*, presented the following three propositions of law:

1.  The trial court erred as a matter of law and to the prejudice of the defendant by denying the defendant's emergency motion for discharge for want of a speedy trial, in violation of defendant's constitutional and statutory rights to a speedy trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, Article I, Section 10 of the Ohio Constitution and the Ohio Revised Code 2945.71 et seq.

2.  The trial court erred as a matter of law and the prejudice of the defendant by failing to determine whether defendant understood the nature of the charges in violation of [Ohio] Crim. R. 11(C)(2)(a), and the Fourteenth Amendment of the Ohio (sic) and United States Constitution.

3.  The proceedings were defective in that defendant received ineffective assistance of [trial] counsel in violation of his (sic) Sixth Amendment to the Ohio (sic) and United States Constitution.[24]

The State filed a response to Parker's jurisdictional memorandum,[25] and the Ohio Supreme Court then, without opinion, denied Parker leave to appeal, dismissing the appeal as not involving any substantial constitutional question.[26] As the State notes,[27] there was no further attempt to appeal from this decision of the Ohio Supreme Court.

---

[23] *Id*. at 167-68.

[24] *Id*. at 170.

[25] *Id*. at 202-11.

[26] *Id*. at 212.

[27] ECF # 8 at 7.

**C.      Prior federal habeas petition**

Approximately 11 months after the Ohio Supreme Court denied his appeal, Parker,

*pro se*, filed his initial federal habeas petition, asserting the following three grounds for

relief:

1.      [Parker's] constitutional right to a speedy trial was violated when the trial court entered a void judgment and sentenced him to a prison term even though the court no longer had jurisdiction to do so.[28]

2.      [Parker] was deprived of due process of law where the trial court erroneously sentenced him without first determining whether he understood every essential element of the crime to which he plead(sic).[29]

3.      [Parker] was deprived of effective assistance of counsel at the trial court level, where counsel would not argue [Parker's] pro se motion to dismiss, where counsel mislead [Parker] concerning the speedy trial provisions, saying that they did not apply to his situation, and failed to inform [Parker] of certain rights during the motion to dismiss hearing.[30]

The State filed a return of the writ.[31]  However, on the same day, Parker moved to stay

action on his petition, purportedly so that he could "fully exhaust all his state remedies."[32]

Actually, despite using the terminology of exhaustion, Parker's real intent, made obvious by

his later actions, was to freeze any action by this Court on the three claims presented in this

petition (claims which, in fact, were already fully exhausted in the state courts when they

---

[28] *Id*. at 311.

[29] *Id*. at 313.

[30] *Id*. at 314.

[31] *See*, N.D. Ohio Case No. 1:05-cv-2184, ECF # 12.

[32] *Id*., ECF # 13 at 1.

were filed here) while he brought completely new, additional claims, not contained in the federal habeas petition through the state courts with the purpose of later adding them to his federal petition.[33]  The District Court, having been misled by Parker's stated invocation of exhaustion as the basis for seeking a stay, thereupon employed a remedy then-favored for mixed petitions and on December 19, 2005, dismissed Parker's petition without prejudice, so that any unexhausted claims could be exhausted and the petition then refiled.[34]

**D.     Post-sentence motion to withdraw the guilty plea**

Subsequent to the dismissal of his federal habeas petition without prejudice for the purpose of exhausting state remedies on the claims contained in that petition, Parker then filed, for the first time, a motion to withdraw his guilty plea.[35]  In the motion, Parker argued that because the trial court did not have him state, in his own words, at the plea hearing following the remand, "what [Parker] feels he has done or did not do" in connection with the amended charge of second degree murder, there was no factual basis for accepting a guilty plea to second degree murder.[36]  Parker also contended that the trial court improperly amended the charge to second degree murder without going through the Grand Jury.[37]

---

[33] This is precisely what Parker twice attempted to do in this case.  A detailed explanation of why this is a fundamental misreading of the doctrine of exhaustion is found in my orders at N.D. Ohio Case No.1:07-cv-386 at ECF ## 14 and 17.

[34] N.D. Ohio Case No.1:05-cv-2184 at ECF # 16 (marginal entry).

[35] ECF # 8, Attachment (state record) at 320-30.

[36] *Id*. at 322.

[37] *Id*.

The trial court thereupon denied Parker's motion without opinion.[38] Parker, *pro se*, then filed a timely notice of appeal from this decision.[39]  The Ohio appeals court, however, *sua sponte* dismissed the appeal for failure to file the trial court record.[40]  Parker then moved for reconsideration, filing nothing beyond what was originally filed and alleging that he had filed the entire record "to the best of his ability."[41]  The appeals court denied reconsideration.[42]

Parker then filed, *pro se*, a timely notice of appeal[43] and jurisdictional memorandum[44] with the Supreme Court of Ohio, appealing from the original decision of the appellate court to deny his appeal. In his jurisdictional memorandum, Parker asserted the following three propositions  of law:

> 1. The court of appeals erred as a matter of law and to the prejudice of the defendant by denying defendant's appeal rights, for failing to file the record, when defendant submitted a motion for reconsideration, with the complete record attached, the court of appeals failed to rule on the

---

[38] *See*, *id*. at 331 (journal entry).

[39] *Id*. at 332-33.

[40] *Id*. at 341 (journal entry); *see also*, *id.* at 342 (docket).

[41] *Id*. at 344-47.

[42] *Id*. at 362.

[43] *Id*. at 363-64.

[44] *Id*. at 365-87.

motion, in direct violation of the defendant's due process rights under the Fifth Amendment of the United States Constitution.[45]

2.  The trial court erred as a matter of law and to the prejudice of the defendant by amending the indictment, without resubmitting it to the Grand Jury, which is a direct violation of the defendant's Fifth, Sixth and Fourteenth Amendment rights under the United States Constitution.[46]

3.  The trial court erred as a matter of law and to the prejudice of the defendant by failing to establish a factual basis on the record, in violation of Criminal Rule 11, and the Fifth, Sixth and Fourteenth Amendment rights under the United States Constitution.[47]

Without a response from the State, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.[48] As the State observes, there appears to have been no attempt to seek a writ of certiorari from the United States Supreme Court from this decision.[49]

---

[45] *Id*. at 386.  This statement of the first proposition of law was presented as a "supplement" to the original filing and was characterized by Parker as a "correction/addition" to the first proposition of law as originally filed.

[46] *Id*. at 366.

[47] *Id*.

[48] *Id*. at 387.

[49] *See*, ECF # 8 at 10.

**E.      Second filing for a federal writ of habeas corpus**

In January, 2007, Parker filed his present petition for federal habeas relief.[50]  Without acknowledging his previously filed federal habeas petition,[51] Parker, in this current petition, alleges six grounds for habeas relief.  The first three grounds are restatements of the grounds originally presented in the 2005 petition that was dismissed for the purpose of exhausting state remedies, and the next three grounds are wholly new claims that arise out of Parker's attempt – made subsequent to the 2005 dismissal of his first federal habeas petition – to withdraw his guilty plea:

> 1.      [Parker's] constitutional right to a speedy trial was violated when the trial court entered a void judgment, and sentenced him to a prison term even though the court no longer had jurisdiction to do so.

> 2.      [Parker] was deprived of due process of law where the trial court erroneously sentenced him without first determining whether he understood every essential element of the crime to which he plead.(sic).

> 3.      [Parker] was deprived of effective assistance of counsel at the trial court level, where counsel would not argue [Parker's] pro se motion to dismiss, where counsel mislead (sic) [Parker] concerning the speedy trial provisions, saying that they did not apply to his situation, and failed to inform [Parker] of certain rights during the motion to dismiss.

---

[50] ECF # 1.

[51] *See*, *id.* at 3, question 10.  Beyond simply failing to acknowledge his prior habeas petition, Parker actually denied ever having filed an earlier federal habeas petition, checking "no" in answer to the question of whether, other than a direct appeal, he had ever "previously filed any petitions, applications or motions" concerning his conviction, sentence and the direct appeals therefrom "in any court, state or federal."

4.      The court of appeals erred as a matter of law and to the prejudice of the defendant (sic) by denying [Parker's] appeal rights, for failing to file the record, when [Parker] submitted a motion for re-consideration, with the record attached, the court failed to rule on [the] motion.

5.      The trial court erred as a matter of law and to the prejudice of the defendant (sic) by amending the indictment, without re-submitting it to the Grand Jury, which is a direct violation of [Parker's] Fifth, Sixth and Fourteenth Amendment rights under the United States Constitution.

6.      The trial court erred as a matter of law and to the prejudice of the defendant (sic) by failing to establish a factual basis on the record, in violation of Criminal Rule 11, and the Fifth, Sixth and Fourteenth Amendment rights (sic) under the United States Constitution.[52]

As noted, the State maintains, first, that this second petition for federal habeas relief is time-barred.[53]  Alternatively, the State contends that:

1.      ground one's speedy trial claim is procedurally defaulted by application of res judicata;[54]

2.      ground two's assertion that Parker's guilty plea was invalid was decided against him by the state appeals court in a decision that was not an objectively unreasonable application of clearly established federal law;[55]

3.      ground three, which claims that Parker received ineffective assistance of trial counsel, is procedurally defaulted by reason of his guilty plea;[56]

---

[52] *Id*., ¶ 12, Exs. A-H.

[53] ECF # 8 at 12-16.

[54] *Id.* at 20-30.

[55] *Id.* at 31-35.

[56] *Id*. at 35-40.

-13-

4.  ground four, alleging that the state appeals court failed to permit Parker to file an appeal, is a non-cognizable issue of state law;[57]

5.  ground five, raising the issue of amending the indictment, is procedurally defaulted and/or waived by the dismissal of Parker's appeal of that claim or, alternatively, by the guilty plea;[58]

6.  ground six, contending that there was no factual basis in the record for the guilty plea, is procedurally defaulted by the dismissal of Parker's appeal of that claim and/or without merit.[59]

In response, Parker first filed a 67-page traverse.[60]  Next, he filed his first motion in this case to stay and abate consideration of this petition and to grant him leave to file additional, unspecified new claims in the future.[61]  Those motions were denied in an order that extensively detailed how Parker misapprehended the concept of stay and abeyance.[62]

Nonetheless, Parker again filed two more motions for stay and abeyance so that he could file a supplemental "writ" (sic) of wholly new claims, specified in that filing, that were then making their way through state court, and "consolidate" those claims with the present petition.[63]  Once again, the motions to stay and abate were denied as being based on a

---

[57] *Id*. at 40-41.

[58] *Id*. at 42-43.

[59] *Id*. at 43-44.

[60] ECF # 11.

[61] ECF # 12 (motion), # 13 (supplement).

[62] ECF # 14.

[63] ECF ## 15, 16.

-14-

misunderstanding of the concept of stay and abeyance,[64] and the motion to file a "supplemental" petition for later "consolidation" with the present petition was, due to Parker's *pro se* status, leniently interpreted as a motion to amend, with the State being granted the opportunity to respond before any amendment was approved.[65]

The State did respond in opposition to any amendment of the petition, noting that all the proposed new claims are time-barred and/or procedurally defaulted.[66]  Parker, after obtaining two extensions of time to respond to the State's opposition to the motion to amend, has replied, claiming, *inter alia*, that because the District Judge's previous order dismissing his prior petition without prejudice for purposes of refiling after exhaustion did not specify either what claims were subject to exhaustion or any specific time by which Parker must re-file his dismissed petition, these new claims in the proposed amendment, beyond even those specified in this second petition, are encompassed within the scope of the District Court's order and so cannot be time-barred.[67]

The matters described above are now ready for decision.

---

[64] ECF # 17.

[65] *Id*.

[66] ECF # 18.

[67] *Id.*

## Analysis

**A.      Standard of review – timeliness/equitable tolling.**

As part of the AEDPA,[68] which was passed in 1996, Congress created a one-year statute of limitations for federal habeas corpus petitions.[69]  Because the AEDPA did not alter the existing requirement that habeas petitions contain only fully exhausted claims as a condition to being considered by the federal court,[70] issues began to arise concerning the treatment of mixed petitions – those containing both exhausted and unexhausted claims – presented to the court within the one-year limitations period.

Prior to the enactment of that one-year limitations period, habeas petitions containing both exhausted and unexhausted claims were commonly dismissed without prejudice pursuant to the Supreme Court's teaching in *Rose v. Lundy*[71] so that the petitioner could return to state court, exhaust the unexhausted claims in his petition, and then re-file the fully exhausted petition with the federal habeas court.  In such cases, before the enactment of the AEDPA, when a federal court dismissed a mixed petition pursuant to *Rose*, "the petitioner was free to exhaust the state claims unencumbered by any limitations period."[72]

_____

[68] Antiterrorism and Effective Death Penalty Act.

[69] 28 U.S.C § 2244(d).

[70] *Rhines v. Weber*, 544 U.S. 269, 274 (2005) ("AEDPA preserved [the] total exhaustion requirement").

[71] *Rose v. Lundy*, 455 U.S. 509 (1982).

[72] *Bozsik v. Bagley*, No. 1:03-cv-1625, 2008 WL 4191141, at *4 (N.D. Ohio Sept. 8, 2008 ).

-16-

However, the introduction of a limitations period in AEDPA changed that situation, replacing the unencumbered trip to state court and back with "a small window"[73] of time within which a petitioner needed to exhaust his state remedies and return to federal court. Needing to travel to state court and back again to the federal court within the overall time limit for habeas cases actually created a very real possibility that a petitioner's claims could fall outside the one-year limitations period before they were presented for re-filing in federal court. Moreover, the Supreme Court's holding in *Duncan v. Walker*,[74] that the AEDPA one-year limitations period is not tolled during the pendency of the habeas petition itself in federal court,[75] also heightened the risk that a petition timely filed at the beginning of the process could become untimely even before a petitioner began his trip to state court to exhaust his state remedies.

Thus, as noted by the Supreme Court in *Pliler v. Ford*,[76] "[t]he combined effect of *Rose* and the AEDPA's limitations period is that if a petitioner comes to federal court with a mixed petition toward the end of the limitations period, a dismissal of his mixed petition could result in the loss of all his claims – including those already exhausted – because the limitations period could expire during the time a petitioner returns to state court to exhaust

---

[73] *Id.*

[74] *Duncan v. Walker*, 533 U.S. 167 (2001).

[75] *Id.* at 181-82.

[76] *Pliler v. Ford*, 542 U.S. 225 (2004).

his unexhausted claims."[77]  Significantly, the Supreme Court in *Pliler* also  made it clear that district judges had no obligation to warn a *pro se* petitioner of the possibility that his claims may be lost during the trip to state court and back as a consequence of the claims then falling outside the one-year limitations period.[78]

In light of these teachings, and mindful of the risks attendant to a habeas petitioner in navigating between the need to fully exhaust all claims and the need to act within the one-year limitations period, the Sixth Circuit, beginning in *Palmer v. Carlton*,[79] developed a form of mandatory equitable tolling to be applied in cases in which a mixed petition was dismissed without prejudice near or after the expiration of the AEDPA limitation period. Specifically, under *Palmer* and its progeny, the Sixth Circuit held that if the petitioner was diligent both in taking the unexhausted claim to state court after the dismissal from federal court and in then re-filing his petition in federal court after exhaustion, "the re-filed petition will automatically be considered timely."[80]  The Court in *Griffin* re-affirmed the *Palmer* court's holding that mandatory equitable tolling of the one-year habeas limitations period

---

[77] *Id*. at 230.

[78] *Id*. at 231.  The Court did note, however, that the lack of an obligation on the part of a district court to explain the potential consequences of a dismissal to a *pro se* petitioner is distinct from cases where the district court "affirmatively misled" the petitioner on matters of timeliness.  *See*, *id.* at 234.

[79] *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002).

[80] *Griffin v. Rogers*, 399 F.3d 626, 631 (6th Cir. 2005).  This is the second *Griffin* case dealing with this issue.  *See*, *Griffin v. Rogers*, 308 F.3d 647 (6th Cir. 2002).  Except where specified, text references are to the second, later-decided *Griffin*.

-18-

would apply where a petitioner filed his unexhausted claim in state court within 30 days after dismissal from federal court and re-filed the exhausted claim in federal court within 30 days after exhaustion.[81]

It is important to note that although *Palmer/Griffin* recognized that mandatory equitable tolling would apply on the terms as described, *Griffin* also made it clear that "traditional" concepts of equitable tolling, such as previously outlined in *Andrews v. Orr*,[82] may be available to the habeas petitioner who cannot avail himself of the mandatory, 30-day equitable tolling prescribed by *Palmer/Griffin*.[83]  As stated by the *Griffin* Court, the five factors for equitable tolling[84] are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.[85]

**B.  Parker's petition should be considered time-barred and dismissed since he is not entitled to either mandatory equitable tolling or traditional equitable tolling.**

In this case, Parker's conviction became final when the Supreme Court of Ohio dismissed his appeal on October 27, 2004.  After allowing 90 days for Parker to file for a writ

---

[81] *Griffin,* 399 F.3d at 635.

[82] *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1998).

[83] *Griffin*, 399 F.3d at 635.

[84] The five *Andrews* factors should not be considered comprehensive, nor are all factors relevant in every case.  Rather, courts are to consider equitable tolling on a case by case basis.  *See*, *Huey v. Smith*, 199 F. App'x 498, 500 (6th Cir. 2006) (citations omitted).

[85] *Griffin*, 399 F.3d at 635 (citations omitted).

of certiorari,[86] his AEDPA one-year limitations period began running on January 25, 2005, and would expire one year later on January 25, 2006.  Although his first federal habeas petition was filed on September 15, 2005 – within the one-year limitations period – its pendency in this Court, according to the Supreme Court's teaching in *Duncan*, did nothing to toll the limitations period.

Thus, when Parker, on December 13, 2005, citing *Rose v. Lundy*, moved to "stay the proceedings" to permit him to "fully exhaust all his state remedies ... so that the claims will not be barred by procedural default,"[87] he actually had only 33 days left in his one-year limitations period.  That window shrank to 27 days by the time the Court granted his motion "in part,"[88] dismissing the case without prejudice, and not ordering the case stayed.

As a consequence, I initially recommend finding that Parker's AEDPA one-year limitations period expired after his first federal habeas petition had been dismissed and before he took any action in state court.

Several significant points need to be made about this sequence of events.  First, from the language of Parker's motion, he appears to represent to the District Court that all the claims of his petition remain unexhausted and potentially subject to procedural default.[89]  In

---

[86] *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

[87] Case No. 1:05-cv-2184, ECF # 13.

[88] *Id*. at ECF # 16.

[89] *Id.*  Parker moved "so that he may fully exhaust *all* his state remedies" and thereby "present *all* his claims" to the federal court, the additional time being needed so that "*the claims* will not be barred by procedural default."  (Emphasis added).

such a posture, where the petition is not a mixed petition containing some exhausted claims together with some unexhausted claims, there is no basis for stay and abeyance, which is limited to cases of mixed petitions.[90]  The proper course, indeed the only course where there was a petition with only unexhausted claims, was, as the District Court recognized, to dismiss the entire petition of purportedly unexhausted claims without prejudice so that all state claims could be exhausted.[91]

Further, as noted previously, the District Judge was under no obligation to counsel Parker that his AEDPA limitations period was about to expire nor suggest that his motion, unopposed by the State, was not well-advised since the record seemed to show that all claims were already fully exhausted.  As the Supreme Court clearly stated in *Pliler*, "[e]xplaining the details of federal habeas procedure and calculating statutes of limitations are tasks normally and properly performed by trained counsel as a matter of course."[92]  Therefore, it found that requiring district judges to undertake such tasks would force upon them the "potentially burdensome, time-consuming and fact-intensive task of making a case-specific"

---

[90] *See*, *Rhines*, 544 U.S. at 274-76.  *Rhines* also limits in other ways, not relevant here, the application of stay and abeyance in cases of mixed petitions; *see also*, *Griffin*, 308 F.3d at 652 n.1, where the pre-*Rhines* procedure was to dismiss unexhausted claims without prejudice and stay proceedings on any exhausted claims.

[91] *Palmer*, 276 F.3d at 781.

[92] *Pliler*, 542 U.S. at 231.

calculation of whether petitioner's time limitation is at risk and then offering direction that may end up misleading the petitioner.[93]

Finally, it must also be noted that since the district court's 2005 dismissal order came nearly three years after *Palmer* created the rule in this Circuit on time limits for mandatory tolling in cases of dismissals of habeas petitions, Parker has no basis for asserting, as he does here, that the absence of any date in the district court's dismissal order for filing in state court somehow totally exempted him from all AEDPA time limits.[94]

In fact, pursuant to the plain teachings of the cases cited above, Parker remains fully subject to the AEDPA statute of limitations and cannot avail himself of mandatory equitable tolling.  Specifically, Parker took nearly three times longer than the *Palmer/Griffin* period of 30 days to file his action in state court.[95]  He also took over three times as long to return to federal court as *Parker/Griffin* allows.[96]

In light of these uncontested facts, I next recommend finding that Parker cannot utilize the mandatory equitable tolling set forth in *Parker/Griffin* to save this petition from dismissal as untimely.

---

[93] *Id*. at 232.

[94] ECF # 21 at 26. ("It is already well settled that a federal court has the authority to equity (sic) toll the statute of limitations.  This Court has done so in its prior Order, without limitation.")

[95] Parker filed his motion to withdraw his guilty plea on March 13, 2006 and the habeas petition was dismissed on December 19, 2005.

[96] The Ohio Supreme Court dismissed his appeal on October 18, 2006 and filed this petition on January 26, 2007.

After considering the mandatory equitable tolling, I next turn to the so-called "traditional" equitable tolling and, for the reasons that follow, suggest finding that Parker is not entitled to equitable tolling.

Initially, before considering the specific *Andrews* factors for equitable tolling, I note that, because Parker's actions in state court were never about exhausting state remedies but, instead, were for the purpose of developing new claims, it seems inappropriate to consider him for any equitable tolling at all in this case.  Whatever merit there may be in affording equitable tolling to one who is trying to exhaust state remedies before the one-year time limit expires, there is little basis for seeking an equitable remedy for someone who does not approach the court with clean hands – misleading the district judge into believing that his petition had unexhausted claims that required a chance to be presented to state court when, in fact, the petitioner was only seeking to use a timely-filed claim as a place holder in federal court while he went back to state court to file claims, unspecified in the habeas petition, for possible later use.  That is manifestly not the intent behind the case law of stay and abeyance, and not the reason why courts have carefully crafted rules of mandatory equitable tolling for the benefit of habeas petitioners caught between the time limit and the need to exhaust.  For this reason alone, I would recommend against finding Parker eligible for any equitable tolling in this case.

Turning, however, to the stated *Andrews* factors for equitable tolling, I note that the first and second factors concern whether Parker had actual or constructive knowledge of the

one-year AEDPA filing requirement.  Plainly, he knew or should  have known of that time limitation.  Moreover, ignorance of this requirement will not support equitable tolling.[97]

Indeed, Parker makes no attempt to suggest he did not know.  Rather, he attempts to argue, as noted above, that the district court's silence as to a time limit in the court's dismissal order must be construed as exempting him from the AEDPA time limit.  In fact, it has been hornbook law for centuries that, standing alone, silence is usually construed as acceptance.  That construction here would mean that any silence by the district court as to time limits should have been seen as an acceptance of the AEDPA limits.

In addition, by the time Parker filed his first petition in 2005, the law in this Circuit was settled, with clear precedent as to how equitable tolling – both mandatory and "traditional" – applied in habeas cases involving the one-year time limit.  As Judge O'Malley observed in *Rittner v. Williams*,[98] "[c]lear precedent serves to provide petitioner's with constructive knowledge of the filing requirements."[99]

The third equitable tolling factor is whether Parker diligently pursued his rights.  I note here that Parker has offered no reason as to why, after he was the one to move to halt proceedings on his first petition, he then waited nearly 90 days to file anything in state court.  Even granting that Parker was incarcerated, he was the one who initiated the action that

---

[97] *Warren v. Lewis*, 365 F.3d 529, 532 (6th Cir. 2004).

[98] *Rittner v. Williams*, No. 3:07-cv-194, 2008 WL 820448 (March 25, 2008, N.D. Ohio).

[99] *Id.*, at *5.

produced the dismissal.  Accordingly, he should have been fully ready to immediately take the action in state court he asked the federal court to authorize.  When a party asks for the chance to take an action, and then does nothing for nearly three months, that party cannot be said to be acting diligently.

The fifth factor[100] is Parker's reasonableness in remaining ignorant of the legal requirement for filing his claim.  As Judge O'Malley noted in *Rittner*, when addressing this same factor, Parker's history of pursuing multiple actions in state and federal court over a space of many years "displays a familiarity with the court system that militates against finding that he was reasonable ignoring the filing requirements of a habeas claim."[101]

Accordingly, based on the preceding discussion, I also recommend finding that Parker is not eligible for "traditional" equitable tolling in this case.

**C.    Because the entire petition is time-barred and subject to dismissal, Parker should not be permitted to amend it to state additional claims.**

Also pending before the Court is Parker's motion to amend his petition with additional claims.  Pursuant to my earlier orders, the State was permitted to respond to this motion after I had construed an earlier motion as being properly one for amendment, and Parker was afforded an opportunity to reply to the State.

---

[100] The fourth factor is prejudice to the respondent. I am not addressing this because it seems clear that the State would be prejudiced by affording Parker equitable tolling here.

[101] *Rittner*, 2008 WL 820448, at *6.

Because, as just discussed, I recommend that the underlying petition be dismissed as untimely filed, and that Parker not be permitted to claim equitable tolling, I recommend that this motion to amend should also be denied.

## Conclusion

For the foregoing reasons, I recommend that the petition of Vincent A. Parker for a writ of habeas corpus be denied as untimely filed, that Parker not be found to qualify for equitable tolling – either mandatory or traditional – and that Parker's motion to amend this petition to state additional claims be denied.

Dated:   January 29, 2009                              s/ William H. Baughman, Jr.
                                                       United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[102]

---

[102] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).