IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **VINCENT A. PARKER,** | ) | **CASE NO. 1:07 CV 386** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **MICHAEL SHEETS, Warden,** | ) | Magistrate Judge William H. Baughman, Jr. |
| | ) | |
| Respondent. | ) | **MEMORANDUM OPINION** |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. The Report and Recommendation (Document #22) is MODIFIED by this Court and Petitioner's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254, filed on February 12, 2007 (Document #1) is DISMISSED.

**Factual and Procedural History**

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

**A.    Underlying offense/first guilty plea/first appeal/second plea**

The underlying facts of Parker's offense and final plea of guilty were found by the state appeals court11 to be as follows:

Defendant-appellant Vincent Parker ("Parker"), appeals his conviction for aggravated murder. We find no merit to this appeal and affirm.
In February 1995, Parker was indicted in Case No. CR-320034 for

aggravated murder with a felony-murder and firearm specification, aggravated robbery with a firearm specification, and having a weapon while under disability. He was also charged with assault in Case No. CR-318382, which contained a peace officer specification. In exchange for the State's agreement not to pursue the death penalty, Parker pled guilty on June 30, 1995 to aggravated murder with a felony-murder and firearm specification and the amended count of aggravated robbery. As part of the plea agreement, the State also nolled the last count in Case No. CR-320034 and dismissed the charge in Case No. CR-318382.

After allowing Parker's delayed appeal in May 1999, this court vacated his guilty plea and remanded the case for further proceedings because a single judge lacked jurisdiction to accept his guilty plea. See *State v. Parker*, Cuyahoga App. No. 76395, 2001 Ohio 4120 ("*Parker I*"). Specifically, we held that because the death penalty specification was not deleted from the indictment, R.C. 2945.06 governed the acceptance of his plea and required a three-judge panel. Thus, even though Parker had agreed to have his pleas submitted to a single judge and waived the presence of a three-judge panel, the requirements of R.C. 2945.06 were jurisdictional and could not be waived.

On June 26, 2002, the Ohio Supreme Court affirmed our decision in *State v. Parker* (2002), 95 Ohio St.3d 524, 2002 Ohio 2833, 769 N.E.2d 846 ("*Parker II*").

Upon remand and following the Ohio Supreme Court's affirmance in *Parker II*, the trial court assigned Parker new counsel and the parties conducted discovery. After numerous pretrials, the court set a November 18, 2002 trial date. After one of Parker's counsel disclosed a conflict of interest, the court appointed new counsel on August 30, 2002, and scheduled another pretrial. At the pretrial on September 16, 2002, Parker signed a waiver of speedy trial.

Following the execution of the waiver, Parker, pro se, moved to dismiss the charges on the basis that his statutory and constitutional rights to a speedy trial were violated. In his motion, Parker argued that because the trial court lacked jurisdiction to accept his pleas in June 1995, his conviction was a void judgment and, therefore, a nullity. He further argued that because the acceptance of his guilty pleas was a nullity, his felony charges were still pending and were never actually set for trial. As a result, he claimed that the eight-year delay for a trial was a clear violation of his statutory and constitutional rights to a speedy trial.

At the hearing on the motion, Parker insisted on arguing the motion himself. Although Parker alleged in his motion that he did not sign

-2-

the speedy trial waiver knowingly or willingly, he failed to present any evidence in support of that assertion or eve argue the issue during the hearing. Rather, he argued that he has waited approximately eight years and still has not had a trial. Ultimately, the court denied his motion.

Following the denial, Parker reached a plea agreement with the State. Before a three-judge panel, Parker pled guilty to murder, and the State nolled the remaining charges and specifications in both cases.

**B.     Second appeal**

Following this second plea of guilty, Parker, *pro se*, timely filed a notice of appeal from this conviction.13 Because Parker's appointed counsel had been confused by conflicting impressions from him as to whether he wished to proceed *pro se* or with representation on appeal, she filed a second notice of appeal from the same conviction after Parker filed the *pro se* notice of appeal, as well as a motion for leave to file a delayed appeal, which motion was granted.  The state appeals court thereupon consolidated the filings into a single case.

Parker, *pro se*, then filed an appellant's brief18 asserting the following three assignments of error:

1. The trial court erred as a matter of law and to the prejudice of the defendant by denying the defendant's emergency motion for discharge for want of a speedy trial, in violation of defendant's constitutional and statutory rights to a speedy trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, Article I, Section 10 of the Ohio Constitution and the Ohio Revised Code 2945.71 et seq.

2. The trial court erred when it denied defendant's request for deferred ruling, denying defendant due process of law as guaranteed by the Fifth & Fourteenth Amendments to the United States Constitution, Article I, Section 16 of the Ohio Constitution.

3. The trial court erred when it failed to comply with the mandatory language of [Ohio] Criminal Rule 12(F) and state its essential findings on the record.

Subsequent to Parker's *pro se* filing, he also filed, through new appellate counsel, a brief presenting the following three additional assignments of error:

1. The proceedings below were defective in that the court erred in accepting a plea which was neither knowingly, willingly nor intelligently made in violation of Crim. R. 11 and defendant's

-3-

        constitutional rights.
2.     The court erred in failing to dismiss the case for lack of speedy trial.

3.     The proceedings below were defective in that defendant received ineffective assistance of counsel in violation of his constitutional rights.

The State responded in opposition to both the *pro se* and counseled assignments of error. The Ohio appeals court thereupon overruled all six assignments of error and affirmed Parker's conviction.

Following this decision, Parker, *pro se*, timely filed a notice of appeal with the Supreme Court of Ohio. In his jurisdictional memorandum, Parker, *pro se*, presented the following three propositions of law:

1.     The trial court erred as a matter of law and to the prejudice of the defendant by denying the defendant's emergency motion for discharge for want of a speedy trial, in violation of defendant's constitutional and statutory rights to a speedy trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, Article I, Section 10 of the Ohio Constitution and the Ohio Revised Code 2945.71 et seq.

2.     The trial court erred as a matter of law and the prejudice of the defendant by failing to determine whether defendant understood the nature of the charges in violation of [Ohio] Crim. R. 11(C)(2)(a), and the Fourteenth Amendment of the Ohio (sic) and United States Constitution.

3.     The proceedings were defective in that defendant received ineffective assistance of [trial] counsel in violation of his (sic) Sixth Amendment to the Ohio (sic) and United States Constitution.

The State filed a response to Parker's jurisdictional memorandum, and the Ohio Supreme Court then, without opinion, denied Parker leave to appeal, dismissing the appeal as not involving any substantial constitutional question. As the State notes, there was no further attempt to appeal from this decision of the Ohio Supreme Court.

**C.    Prior federal habeas petition**

Approximately 11 months after the Ohio Supreme Court denied his appeal, Parker, *pro se*, filed his initial federal habeas petition, asserting the following three grounds for relief:

-4-

>   1.  [Parker's] constitutional right to a speedy trial was violated when the trial court entered a void judgment and sentenced him to a prison term even though the court no longer had jurisdiction to do so.
>   2.  [Parker] was deprived of due process of law where the trial court erroneously sentenced him without first determining whether he understood every essential element of the crime to which he plead(sic).
>
>   3.  [Parker] was deprived of effective assistance of counsel at the trial court level, where counsel would not argue [Parker's] pro se motion to dismiss, where counsel mislead [Parker] concerning the speedy trial provisions, saying that they did not apply to his situation, and failed to inform [Parker] of certain rights during the motion to dismiss hearing.

The State filed a return of the writ.  However, on the same day, Parker moved to stay action on his petition, purportedly so that he could "fully exhaust all his state remedies."  Actually, despite using the terminology of exhaustion, Parker's real intent, made obvious by his later actions, was to freeze any action by this Court on the three claims presented in this petition (claims which, in fact, were already fully exhausted in the state courts when they were filed here) while he brought completely new, additional claims, not contained in the federal habeas petition through the state courts with the purpose of later adding them to his federal petition.  The District Court, having been misled by Parker's stated invocation of exhaustion as the basis for seeking a stay, thereupon employed a remedy then-favored for mixed petitions and on December 19, 2005, dismissed Parker's petition without prejudice, so that any unexhausted claims could be exhausted and the petition then refiled.

**D.    Post-sentence motion to withdraw the guilty plea**

Subsequent to the dismissal of his federal habeas petition without prejudice for the purpose of exhausting state remedies on the claims contained in that petition, Parker then filed, for the first time, a motion to withdraw his guilty plea. In the motion, Parker argued that because the trial court did not have him state, in his own words, at the plea hearing following the remand, "what [Parker] feels he has done or did not do" in connection with the amended charge of second degree murder, there was no factual basis for accepting a guilty plea to second degree murder.  Parker also contended that the trial court improperly amended the charge to second degree murder without going through the Grand Jury.

The trial court thereupon denied Parker's motion without opinion.  Parker, *pro se*, then filed a timely notice of appeal from this decision.  The Ohio appeals court, however, *sua sponte* dismissed the appeal for failure to file the trial court

record. Parker then moved for reconsideration, filing nothing beyond what was originally filed and alleging that he had filed the entire record "to the best of his ability." The appeals court denied reconsideration.

Parker then filed, *pro se*, a timely notice of appeal and jurisdictional memorandum with the Supreme Court of Ohio, appealing from the original decision of the appellate court to deny his appeal. In his jurisdictional memorandum, Parker asserted the following three propositions of law:

1. The court of appeals erred as a matter of law and to the prejudice of the defendant by denying defendant's appeal rights, for failing to file the record, when defendant submitted a motion for reconsideration, with the complete record attached, the court of appeals failed to rule on the motion, in direct violation of the defendant's due process rights under the Fifth Amendment of the United States Constitution.

2. The trial court erred as a matter of law and to the prejudice of the defendant by amending the indictment, without resubmitting it to the Grand Jury, which is a direct violation of the defendant's Fifth, Sixth and Fourteenth Amendment rights under the United States Constitution.

3. The trial court erred as a matter of law and to the prejudice of the defendant by failing to establish a factual basis on the record, in violation of Criminal Rule 11, and the Fifth, Sixth and Fourteenth Amendment rights under the United States Constitution.

Without a response from the State, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  As the State observes, there appears to have been no attempt to seek a writ of certiorari from the United States Supreme Court from this decision.
50 ECF # 1.

**E.    Second filing for a federal writ of habeas corpus**

In January, 2007, Parker filed his present petition for federal habeas relief. Without acknowledging his previously filed federal habeas petition,51 Parker, in this current petition, alleges six grounds for habeas relief. The first three grounds are restatements of the grounds originally presented in the 2005 petition that was dismissed for the purpose of exhausting state remedies, and the next three grounds are wholly new claims that arise out of Parker's attempt – made subsequent to the 2005 dismissal of his first federal habeas petition – to withdraw his guilty plea:

1. [Parker's] constitutional right to a speedy trial was violated when the trial court entered a void judgment, andsentenced him to a prison term even though the court no longer had jurisdiction to do so.

2. [Parker] was deprived of due process of law where the trial court erroneously sentenced him without first determining whether he understood every essential element of the crime to which he plead.(sic).

3. [Parker] was deprived of effective assistance of counsel at the trial court level, where counsel would not argue [Parker's] pro se motion to dismiss, where counsel mislead (sic) [Parker] concerning the speedy trial provisions, saying that they did not apply to his situation, and failed to inform [Parker] of certain rights during the motion to dismiss.

4. The court of appeals erred as a matter of law and to the prejudice of the defendant (sic) by denying [Parker's] appeal rights, for failing to file the record, when [Parker] submitted a motion for re-consideration, with the record attached, the court failed to rule on [the] motion.

5. The trial court erred as a matter of law and to the prejudice of the defendant (sic) by amending the indictment, without re-submitting it to the Grand Jury, which is a direct violation of [Parker's] Fifth, Sixth and Fourteenth Amendment rights under the United States Constitution.

6. The trial court erred as a matter of law and to the prejudice of the defendant (sic) by failing to establish a factual basis on the record, in violation of Criminal Rule 11, and the Fifth, Sixth and Fourteenth Amendment rights (sic) under the United States Constitution.

As noted, the State maintains, first, that this second petition for federal habeas relief is time-barred. Alternatively, the State contends that:

1. ground one's speedy trial claim is procedurally defaulted by application of res judicata;

2. ground two's assertion that Parker's guilty plea was invalid was decided against him by the state appeals court in a decision that was not an objectively unreasonable application of clearly

        established federal law;

3.     ground three, which claims that Parker received ineffective assistance of trial counsel, is procedurally defaulted by reason of his guilty plea;

4.     ground four, alleging that the state appeals court failed to permit Parker to file an appeal, is a non-cognizable issue of state law;

5.     ground five, raising the issue of amending the indictment, is procedurally defaulted and/or waived by the dismissal of Parker's appeal of that claim or, alternatively, by the guilty plea;

6.     ground six, contending that there was no factual basis in the record for the guilty plea, is procedurally defaulted by the dismissal of Parker's appeal of that claim and/or without merit.

In response, Parker first filed a 67-page traverse.60 Next, he filed his first motion in this case to stay and abate consideration of this petition and to grant him leave to file additional, unspecified new claims in the future.61 Those motions were denied in an order that extensively detailed how Parker misapprehended the concept of stay and abeyance.

Nonetheless, Parker again filed two more motions for stay and abeyance so that he could file a supplemental "writ" (sic) of wholly new claims, specified in that filing, that were then making their way through state court, and "consolidate" those claims with the present petition. Once again, the motions to stay and abate were denied as being based on a misunderstanding of the concept of stay and abeyance and the motion to file a "supplemental" petition for later "consolidation" with the present petition was, due to Parker's *pro se* status, leniently interpreted as a motion to amend, with the State being granted the opportunity to respond before any amendment was approved.

The State did respond in opposition to any amendment of the petition, noting that all the proposed new claims are time-barred and/or procedurally defaulted. Parker, after obtaining two extensions of time to respond to the State's opposition to the motion to amend, has replied, claiming, *inter alia*, that because the District Judge's previous order dismissing his prior petition without prejudice for purposes of refiling after exhaustion did not specify either what claims were subject to exhaustion or any specific time by which Parker must re-file his dismissed petition, these new claims in the proposed amendment, beyond even those specified in this second petition, are encompassed within the scope of the District Court's order and so cannot be time-barred.

-8-

The matters described above are now ready for decision.

Report and Recommendation (Docket #22) at pp. 3-15 (footnotes omitted).

In the present Petition, Petitioner re-asserts the three grounds for relief that he originally asserted in his first Petition, as well as three additional grounds. In response, the State argues that the Petition should be dismissed as time-barred, as it is a different, successive petition filed beyond the one-year limitations period, not a refiling of the first Petition as permitted in the dismissal order entered in that case. Alternatively, the State contends that four of the grounds for relief asserted by Petitioner are waived or procedurally defaulted; one is non-cognizable as a basis for Federal habeas relief; and, one was decided against Petition in a State court decision that was not an unreasonable application of clearly established Federal law. The State also argues that there is no need for an evidentiary hearing, as was requested by Petitioner.

The Magistrate Judge issued his Report and Recommendation on January 29, 2009. (Docket #22.) The Magistrate Judge recommends that the Petition be dismissed as untimely filed; that Petitioner not be permitted to claim equitable tolling; and, that the Motion to Amend filed by Petitioner (Docket #15) be denied.

On February 23, 2009, Petitioner filed his Objections to the Magistrate Judge's Report and Recommendation. (Docket #26.) Petitioner asks this Court to reject the Magistrate Judge's finding that he made misleading representations to the Court and objects to the Magistrate Judge's finding that equitable tolling is unwarranted. Further, Petitioner takes issue with the fact that the District Court dismissed his first Petition, when he only asked that it be stayed. Petitioner asserts that because the first Petition was dismissed, he assumed that he could bring all of his claims together in a second Petition. Finally, Petitioner objects to the Magistrate Judge's

Case: 1:07-cv-00386-DCN Doc #: 27 Filed: 03/25/09 9 of 12. PageID #: 841

recommendation that his Motion for leave to amend his habeas Petition be denied and also argues that the Magistrate Judge erroneously failed to review his jurisdictional claim.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The Court has reviewed the Report and Recommendation *de novo*, as well as the briefs and supporting material submitted by the Parties, and the objections to the Report and Recommendation raised by Petitioner.

As a preliminary matter, the Court addresses Petitioner's argument that although the Court dismissed his first Petition, he had only requested that the Petition be stayed. This, Petitioner asserts, excuses his failure to file within the requisite time period. In a marginal entry dated December 19, 2005, this Court dismissed Petitioner's first Petition, without prejudice, based on the fact that Petitioner represented to the Court that he had not exhausted his State remedies. Dismissal is appropriate in instances where the issues presented have not been fully exhausted. Petitioner then returned to State Court, filing an entirely separate motion to withdraw his guilty plea pursuant to Ohio Criminal Rule 32.1, which did not address the grounds for relief raised in his first Petition.

A State prisoner has one year from the conclusion of the direct appeal challenging his

-10-

conviction to file for Federal habeas relief. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999), *cert. denied,* 530 U.S. 1210 (2000).  Petitioner was required to present the three claims in his first Petition in Federal court no later than January 25, 2006.  Although Petitioner filed his first Petition on September 15, 2005, the first Petition was dismissed based on Petitioner's representations to the Court that the claims were not yet exhausted.   However, since Petitioner had in fact already exhausted his State remedies as to those claims, the statute of limitations continued to run and there is no basis upon which the one-year time period for raising those claims in Federal court should be tolled.

Petitioner bases his reasonable ignorance argument on the fact that this Court did not "'warn' him of any possible equitable tolling difficulties."  However, as discussed by the Magistrate Judge, the Court is under no duty to warn Petitioner.  Therefore, the subsequent re-filing on January 26, 2007 of the three claims originally raised in his first Petition fell outside the one-year statute of limitations and his claims must be dismissed.

Further, the three new claims raised in the second Petition must also be dismissed.  The Court of Appeals acted within its discretion in dismissing Petitioner's appeal of the Trial Court's dismissal of his March 12, 2006 Motion to Withdraw his Guilty Plea, as Petitioner failed to effect transmission of the record on appeal and did not seek a timely extension.  See Cuyahoga County Local App. R. 10.  Accordingly, Petitioner's Fourth Ground for Relief is without merit and Petitioner's Fifth and Sixth Grounds for Relief, which were originally raised in his March 12, 2006 Motion to Withdraw his Guilty Plea, must be dismissed as they are procedurally defaulted.  Further, relative to both his Fifth and Sixth Grounds for Relief, Petitioner entered a valid guilty plea, thereby waiving error in the right to indictment, and the plea hearing transcript

demonstrates that the factual basis for the guilty plea was set forth and understood by Petitioner through the Criminal Rule 11 colloquy between Petitioner and the Trial Court. Accordingly Petitioner's Fourth, Fifth and Sixth Grounds for Relief must also be dismissed.

Petitioner has also filed a Motion to Amend his Petition with additional claims. As all of his claims are subject to dismissal as they are either time barred or procedurally defaulted, the Motion to Amend must be denied. Further, there are no facts which would entitle Petitioner to a hearing, as the record is factually complete.

## Conclusion

Based upon the *de novo* review conducted by this Court, the Report and Recommendation of the Magistrate Judge (Docket #22) is hereby MODIFIED to reflect the fact that Petitioner's First, Second and Third Grounds for relief are time-barred and Petitioner's Fourth, Fifth and Sixth Grounds for relief must also be dismissed as they are procedurally defaulted and otherwise without merit. The Petition (Docket #1) is hereby DISMISSED in its entirety and the Motion to Amend filed by Petitioner (Docket #s 15 and 16) is hereby DENIED

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

   IT IS SO ORDERED.

                                          *s/ Donald C. Nugent*
                                          DONALD C. NUGENT
                                          United States District Judge

DATED: March 25, 2009